IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARREN HENDERSON, | ) | |
| No. R40280, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-00664-NJR |
| | ) | |
| WARDEN HARRINGTON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Darren Henderson, an inmate in Pontiac Correctional Center, brings this action

for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an array of

alleged constitutional violations that occurred while he was confined at Menard Correctional

Center ("Menard").

This case is now before the Court for a preliminary review of the complaint pursuant to

28 U.S.C. § 1915A, which provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

  (2) seeks monetary relief from a defendant who is immune from such relief.

**Discussion**

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief…."  As a practical matter, as emphasized by the Supreme Court, an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.

The complaint is 55 pages long, with another 139 pages of exhibits (Doc. 1).  Given that there are 24 defendants and events during the time period running from August 2011 through September 2013 are discussed, the length of the complaint is not necessarily problematic. However, the complaint is drafted in a fashion that makes it extremely difficult, if not impossible, to discern what claims are alleged against which defendants.  Unintelligibility and disorganization justify rejecting a complaint. *See Stanard v. Nygren*, 658 F.3d 792, 797-98 (7th Cir. 2011).  Plaintiff's complaint is both unintelligible and disorganized, leaving the Court with only a general sense that Plaintiff takes issue with the way grievances are handled, retaliation, conspiracy, the conditions of his confinement, and how requests to see medical personnel are handled.

Indicative of the problem is that the first 12 pages of the complaint offer a history of Menard, a listing of constitutional principles, and a discussion of events and administrative grievances during the period between August 2001 and March 2012—none of which reference the named defendants.  The next 40 pages contain a mix of factual allegations and lengthy quotations and summaries of administrative grievances (many without any apparent contextual relevance)—all sprinkled with the names of defendants and non-defendants in equal parts.

Defendants Warden Atchison, Counselor Phoenix, Sgt. Covalol, V. Smith, Lt. Page, Major Olsen, and C/O Slanger do not appear to have been mentioned at all in the narrative.   Whether Defendants "IA Unit Supervisor," "Trust Fund Office Supervisor," Law Library Supervisor," and "Records Office Supervisor" are mention in the narrative is questionable.   For example, the "I.A. Unit" is mentioned, but not the "I.A. Supervisor" (*see* Doc. 1, pp. 15, 16, 25, 30).

"Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."   *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (affirming the dismissal of a complaint with 400 paragraphs covering 155 pages followed by ninety-nine attachments, replete with undefined acronyms and mysterious cross-references).   The   page-long   "Statement   of Claim[s]" at the end of the complaint does not help to decipher the complaint:

1. "The totality of conditions … constituted a denial of access to the courts, inadequate medical needs, right to file a grievance, right to send and receive letters, overcrowding, due process, cruel and unusual punishment violations under the 1st, 8th and 14th Amendment[s] to the United States Constitution";

2. "The deliberate indifference to unsafe conditions … constituted a due process and retaliation claim as Sherry Benton[1] violated such rights under the 8th and 14th Amendment[s] to the United States Constitution"; and

3. Defendants criminally conspired to deprive Plaintiff of his civil liberties and should be criminally prosecuted for their criminal fraud.

(Doc. 1, p. 53).

For these reasons, the complaint must be dismissed.   Dismissal shall be without prejudice, and Plaintiff will be afforded a period of time within which to file an amended complaint, if he elects to proceed.

---

[1] Sherry Benton is not a named defendant.

**Pleading Advice**

Because there is no viable complaint before the Court, no further discussion and no advisory opinion will be offered relative to the potential merits of any claims.  The Court neither discourages nor encourages Plaintiff to file an amended complaint.  In appreciation of Plaintiff's *pro se* status, the Court offers the following general advice.

If Plaintiff elects to file an amended complaint, he should, of course, keep in mind that only a "*short and plain* statement of the claim showing that the pleader is entitled to relief…" is required.  FED.R.CIV.P. 8(a)(2)(emphasis added).  However, the amended complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim of entitlement to relief must cross "the line between possibility and plausibility.  *Id*. at 557.  The Court needs to be able to discern who did what to violate Plaintiff's constitutional right(s), but Plaintiff does *not* have to offer legal theories, a discussion of the elements of a legal offense, or even reference to a constitutional provision or statute—only "notice" pleading is required, as opposed to "fact" pleading.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  Merely naming a defendant in the caption is insufficient to state a claim.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Plaintiff should also keep in mind that the applicable statute of limitations for a Section 1983 constitutional tort claim arising in Illinois is two years.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013).  As a general matter, a party's

cause of action accrues when the party knows or reasonably should know of an injury and that the injury was wrongfully caused.  *Clay v. Kuhl*, 727 N.E.2d 217, 220 (Ill. 2000).

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file an amended complaint on or before **August 11, 2014**.  Any amended complaint must contain all claims against all defendants that Plaintiff desires to pursue.  The complaint must be self-contained, without reference to the original complaint, memorandum, or exhibits.  If no amended complaint is filed, the dismissal of the complaint will ripen into dismissal with prejudice, and this action will be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b), and Plaintiff may be assessed a "strike" for purposes of 28 U.S.C. § 1915(g).  In any event, Plaintiff remains obligated to pay the $400 filing fee for this case.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 10, 2014**

s/ NANCY J. ROSENSTENGEL
NANCY J. ROSENSTENGEL
UNITED STATES DISTRICT JUDGE