IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARREN HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-664-NJR-DGW |
| ) | |
| WARDEN HARRINGTON, COUNSELOR ) | |
| NIPIN, LT. VEATH, and SHERRY BENTON, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Temporary Restraining Order and for Preliminary Injunction filed by Plaintiff, Darren Henderson, on December 15, 2015 (Doc. 33). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED** and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff filed a Complaint on June 10, 2014 alleging a number of claims related to his prosecution of another case in addition to interference with his mail and retaliation. Plaintiff's claims were screened pursuant to 28 U.S.C. § 1915A and he was permitted to proceed on First Amendment retaliation claims against each of the named Defendants (Doc. 8).

Plaintiff now seeks injunctive relief related to his legal material. Plaintiff states that on October 27, 2015, his legal property was taken from his cell, placed in his property box, and stored

outside of his cell. He does not have access to the boxes and was relief when he filed a grievance on November 22, 2015 seeking access. Plaintiff states that he has an upcoming deadline in this case, namely a January 8, 2016 deadline to amend pleadings. While Plaintiff does not specifically seek particular relief, it appears that he would like access to his property box in order to access his legal papers.

A hearing on this matter is not required.

### CONCLUSIONS OF LAW

Plaintiff seeks both a temporary restraining order and a preliminary injunction. The major difference between the two remedies is that the former is issued prior to notice to an adverse party. A temporary restraining order should not issue in this matter because Defendants have been notified of the request for injunctive relief by the docketing of the Motion. No response from Defendants or a hearing are necessary as it is clear that Plaintiff is not entitled to relief.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v.*

*DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once Plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

    Plaintiff has not met his initial burden because he has not shown a reasonable likelihood of success, that there is no adequate remedy at law, or that he will suffer irreparable harm. Plaintiff also has made no showing that any of Defendants are involved in any way in access to his property box. Plaintiff has failed to make a clear showing that he is entitled to relief. Plaintiff states that he does not have current access to his legal papers and that he has an upcoming deadline to amend his pleadings. There is no showing that anything in Plaintiff's property box is necessary for the filing of a motion to amend in this case. Given the notice pleading requirements of Federal Rule of Civil Procedure 8, it is unnecessary for Plaintiff to cite to any legal authority to support any additional factual allegations he may seek to add to his Complaint. Plaintiff also has the option of seeking an extension of time to file a motion to amend. Simply put, Plaintiff has other avenues open to him that would not require the extraordinary relief of a preliminary injunction.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Temporary Restraining Order and for Preliminary Injunction filed by Plaintiff be **DENIED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 21, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**